UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Subpoena served on Nonparty WinField United dated March 7, 2022 | Case No. 0:22-mc-00021 (JRT/HB) |
| Stoller Enterprises, Inc., et al., <br><br> Plaintiffs, <br><br> v. <br><br> Fine Agrochemicals, Inc., et al., <br><br> Defendants. <br><br> *Pending in the United State District Court for the Southern District of Texas – Case No. 4:20-cv-00750-ASH* | **ORDER TRANSFERRING MOTION TO QUASH PURSUANT TO RULE 45(F)** |

This matter is before the Court on Petitioner WinField United's Motion to Quash Subpoena [ECF No. 1]. Respondent Stoller Enterprises, Inc, is a plaintiff in an agricultural science and technology patent litigation in the United State District Court for the Southern District of Texas, *Stoller Enterprises, Inc., et al. v. Fine Agrochemicals, Inc., et al.*, Case No. 4:20-cv-00750-ASH. Stoller subpoenaed WinField seeking a Rule 30(b)(6) deposition. (WinField Ex. 1 [ECF No. 1-1].) WinField objected to the deposition subpoena, and then moved to quash. (Stoller Ex. 6 [ECF No. 15-1].) Stoller opposes the motion on the merits but also requested the Court transfer the matter to the Southern District of Texas, to be heard by the court overseeing the case and which issued the subpoena. (Stoller Mem. at 6, 10 [ECF No. 13].)

1

The Court originally set this matter on for hearing on April 29, 2022. The parties asked that the hearing be postponed because they were engaged in an effort to resolve the disputes between them. [ECF No. 19.] In a recent update filed at the request of the Court, they report that they are continuing to meet and confer. [ECF No. 22.] The Court encourages the parties to continue those efforts and is hopeful they will be successful. In the meantime, however, the Court is also cognizant of the importance that this motion be properly situated for efficient ruling if the parties are not able to resolve it for themselves.[1]

Accordingly, the Court finds it appropriate now to consider on the papers without a hearing whether this motion should be transferred to the issuing court under Federal Rule of Civil Procedure 45(f). For the reasons set forth below, the Court concludes that it should.

## I.   Background

The subpoena at issue in this motion arises from a patent litigation in which Stoller alleges that the defendants made, sold, and used formulas and technologies that infringed on Stoller's U.S. patents related to plant growth regulators. (Stoller Mem. at 3.) Stoller alleges that one of the defendants induced WinField, a Minnesota-based company, to infringe the patents, and that WinField's sales of the infringing products make up the largest percentage of Stoller's lost profits or royalties. (*Id.* at 3–4.) The case was

---

[1] Among other timing considerations, the undersigned will be retiring on June 22, 2022. Thus, if the circumstances warrant transfer to the issuing court in any event, it would be most efficient to address that before the case is reassigned to another magistrate judge in this District after that date.

originally filed in Georgia then transferred to the United States District Court for the Southern District of Texas. (*Id.*) There the parties and court have undertaken claim construction proceedings, established (and amended at least once) a case schedule, and engaged in discovery and discovery dispute resolution. (*Id.*)

On December 21, 2021, before it served the deposition subpoena that is the subject of the instant motion, Stoller served a subpoena *duces tecum* on WinField, requesting documents regarding WinField's relationship with one of the defendants, a copy of a common interest defense agreement with that defendant, and information Stoller contends will be relevant to Stoller's theories of damages. (*Id.* at 5.) That subpoena set the place for production in Texas. (*Id.* at 5.) WinField produced some documents but refused to produce others, objecting to the relevance of any documents dated after January 1, 2016, and withholding other documents as privileged in view of the common interest doctrine. (*Id.*) Stoller moved to compel the document production in the Southern District of Texas, and that motion is pending there now. (*Id.* at 6)

On March 7, 2022, facing a looming April 7, 2022, deadline for the completion of fact discovery, Stoller served the deposition subpoena at issue here, seeking to depose WinField in Minnesota on March 29, 2022. (*Id.*; WinField Ex. 1.) WinField initially proposed delaying the deposition until Stoller's motion to compel was resolved by the presiding judge in the underlying Texas lawsuit, arguing that if the deposition proceeded first and WinField was subsequently ordered to produce additional documents, WinField's corporate designee might have to undergo a second deposition. (Stoller Ex. 8 [ECF No. 15-1].) Citing the fact discovery deadline and dismissing WinField's concerns

3

about a second deposition on the ground that WinField would have only itself to blame, Stoller refused to postpone the deposition. (*Id.*) WinField then served objections to the subpoena and filed its motion to quash on March 25, 2022. (Stoller Ex. 6 [ECF No. 15-1].)

## II.   Discussion

Federal Rule of Civil Procedure 45 provides that a subpoena to produce materials or testimony "must issue from the court where the action is pending," Fed. R. Civ. P. 45(a)(2), but the recipient can seek to have the subpoena quashed or modified by "the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(3). However, the court where compliance is required can transfer a subpoena-related motion, such as a motion to quash, to the court that issued the subpoena "if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). WinField did not consent to the transfer (Petruzzi Decl. ¶ 12 [ECF No. 15]), so the Court must consider whether there are "exceptional circumstances" that warrant transfer.

Rule 45(f) does not define what constitute "exceptional circumstances," but the Advisory Committee Notes to the 2013 amendment state that

> The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion. Judges in

> compliance districts may find it helpful to consult with the judge in the issuing court presiding over the underlying case while addressing subpoena-related motions.

*Id.* 45(f) advisory committee's note to 2013 amendment. The proponent of the transfer bears the burden of showing that exceptional circumstances are present. *Id.*

This Court is responsible for balancing the competing interests. *See In re Disposable Contact Lens Antitrust Litig.*, 306 F. Supp. 3d 372, 375 (D.D.C. 2017). To make this determination, courts consider a number of factors, including the complexity of the case, its procedural posture, the "duration of pendency" of the underlying matter, and the "nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation. *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014); *accord Weddle v. Williams*, Case No. 18-mc-00225-RBJ-KLM, 2019 WL 1620815, at *4 (D. Colo. April 15, 2019); *Mylan, Inc. v. Analysis Group, Inc.*, Case No. 18-mc-91153-FDS, 2018 WL 1904183, at *1 (D. Mass. April 20, 2018); *The Dispatch Printing Co. v. Zuckerman*, Case No. 16-cv-80037-BLOOM/Valle, 2016 WL 335753, at *2 (S.D. Fla. Jan. 27, 2016). Courts also consider (1) whether the underlying litigation will be disrupted if the subpoena dispute is not transferred; (2) whether the nonparty subpoena recipient will suffer undue burden or cost if the subpoena dispute is transferred; (3) whether, based on various considerations, the issuing court is in the best position to rule on the motion to compel. *In re Syngenta AG MIR162 Corn Litig. v. Syngenta AG*, No. 20-mc-064 (ECF/ECW), 2020 WL 5988498, at *4 (D. Minn. Oct. 9, 2020). Having carefully considered these factors, the Court finds they support transferring WinField's motion to the Southern District of Texas.

First, the underlying litigation is complex, involving multiple company and corporate defendants in the United Kingdom and United States operating in a coordinated fashion to make, sell, and use biochemical plant growth regulators that allegedly infringe on two patents for the chemical formulas of Stoller's plant growth regulators. (*See generally* Stoller Ex. 1 [ECF No. 15-1].)  The case has been pending since 2019 and is fast approaching the close of fact discovery. (Stoller Mem. at 3.)  Fact discovery has involved depositions in Texas, California, Georgia, North Carolina, Minnesota, and London. (*Id.* at 4.)  The district judge presiding over the underlying case in the issuing court is already familiar with the complex issues in the case, having ruled on claim construction and presided over or ruled on multiple motions to dismiss. (Case No. 4:20-cv-00750-ASH, ECF Nos. 90, 94, 116, 127.)

In addition, as already noted, the issuing court already has under consideration a motion arising out of disputes over the scope of WinField's obligation to produce documents in response to a prior subpoena, and the relevance and proportionality issues raised by that motion will almost certainly overlap with issues raised by the instant motion about the proper scope of the topics for WinField's deposition. (Stoller Mem. at 8.)  The presiding judge in that case will be able more quickly to assess the relevance and proportionality of the deposition topics in the context of the overall case and the rulings on the document subpoena already before him, thus serving the interest of judicial economy and "the just, speedy, and inexpensive resolution" of the case. Fed. R. Civ. P. 1. Furthermore, not only would it be inefficient for this Court to wrestle with matters that overlap significantly with matters already before the issuing court, but there is also the

6

potential for inconsistent rulings, particularly in an area as reliant on context and discretion as discovery.

Transfer of this motion will also allow the issuing court to efficiently manage the order of the remaining discovery in the context of the overall case schedule.  If Stoller and WinField are not able to resolve on their own their outstanding disputes, then it makes sense for a single court to resolve any ripe disputes about both WinField's document production and the deposition topics, *before* WinField is required to appear for its deposition.  Transfer will thus give the presiding judge in the Southern District of Texas precise control over the timing and order of the document production and deposition to avoid unnecessary burden and to ensure it proceeds in a timely manner. *Cf.* Fed. R. Civ. P. 45(d)(1) (court must enforce duty on party serving subpoena to take reasonable steps to avoid imposing undue burden or expense on person subject to subpoena).

Finally, WinField will experience little burden from litigating this motion in the Southern District of Texas.  First, WinField has already retained Texas counsel for the motion to compel on the document subpoena.  Second, Rule 45(f) permits counsel authorized to practice in the district of compliance—i.e., Minnesota—to appear on the motion in the issuing court.  Finally, the procedures of the Southern District of Texas allow an out-of-town attorney to seek permission to appear remotely if necessary.

In short, the Court finds that exceptional circumstances favor transferring this matter pursuant to Rule 45(f) to the United States District Court for the Southern District of Texas.

7

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. This matter is transferred to the United States District Court for the Southern District of Texas to be handled in conjunction with *Stoller Enterprises, Inc., et al. v. Fine Agrochemicals, Inc., et al.*, Case No. 4:20-cv-00750-ASH;

2. The Court does not rule on Petitioner's Motion to Quash Subpoena [ECF No. 1]; and

3. The Clerk of the Court is directed to effectuate transfer of this matter to the United States District Court for the Southern District of Texas and to administratively close this case.

Dated: May 13, 2022

                                          */s Hildy Bowbeer*
                                          HILDY BOWBEER
                                          United States Magistrate Judge